UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| XCOAL ENERGY & RESOURCES,<br><br>Plaintiffs<br>v.<br><br>SOUTHERN COAL SALES CORPORATION, A & G COAL CORPORATION, VIRGINIA FUEL CORPORATION, TAMS MANAGEMENT, INC., BLACK RIVER COAL, LLC, JUSTICE LOW SEAM MINING, INC., SOUTHERN COAL CORPORATION, and JAMES C. JUSTICE, II,<br><br>Defendants. | Case No. 14-CV-459-LPS |

## **DEFENDANTS' MOTION TO DISMISS**

Defendants, Southern Coal Sales Corporation, A & G Coal Corporation Virginia Fuel Corporation, Tams Management, Inc., Black River Coal, LLC, Justice Low Seam Mining, Inc., Southern Coal Corporation, and James C. Justice, II (collectively "Justice"), by their undersigned attorneys, hereby move this Court pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss the Complaint of Plaintiff, Xcoal Energy & Resources ("Plaintiff") for lack of subject matter jurisdiction and/or failure to state a claim upon which relief can be granted based upon the following reasons:

A.   Motion to Dismiss for Lack of Jurisdiction Because Diversity Does Not Exist.

1. Plaintiff's Complaint alleges that it is based on diversity jurisdiction pursuant to 28 U.S.C. §1332.

2. Paragraph 4 of the Complaint alleges only the following as to Plaintiffs' identity: "4.  Xcoal is a Pennsylvania limited partnership with its principal place of business located in Latrobe, Pennsylvania."

1

3. However, Plaintiffs Complaint is facially deficient because it fails to name the Plaintiff's partners, fails to identify the citizenship of those partner(s), and otherwise fails to properly plead the identities of Plaintiff's partners as required under 28 U.S.C. § 1332.

B. <u>Motion to Dismiss for Lack of Jurisdiction Because Plaintiffs' Claims Are Not Ripe</u>.

4. Plaintiff's Complaint alleges breaches of a Coal Supply Agreement (Count I of the Complaint), a "Letter Agreement" (Count II of the Complaint) and a Performance Guarantee Agreement (Count III of the Complaint). Each of these agreements contains mandatory performance provisions and terms that Plaintiff must observe prior to Plaintiff having any contractual right to allege a default that then would form the basis of any right to sue.

5. The Coal Supply Agreement and "Letter Agreement" set forth that they are governed by New York law. The Performance Guarantee Agreement incorporates those two agreements and a Mutual Release that was executed by Plaintiff and certain Defendants. The Mutual Release sets forth that it is governed by Virginia law.

6. Plaintiff does not allege that it performed its contractually required duties prior to bringing suit, making the claims made in each Count of the Complaint unripe and nonjusticiable under applicable and defined principles of law.

7. Relatedly, Plaintiff's failures to make proper allegations regarding its own required performance of the Coal Supply Agreement prevents it from alleging that other agreements have been breached since those allegations are based upon Plaintiff's deficient contentions regarding the Coal Supply Agreement.

C. <u>Motion to Dismiss the Complaint for Failure to Set Forth a Claim Upon Which Relief Can Be Granted</u>.

8. As set forth above, the Coal Supply Agreement, the "Letter Agreement" and the Performance Agreement each contains mandatory performance provisions that Plaintiff is

2

required to follow prior to having any rights to declare a default that then would form the basis of any suit.

        9. The Complaint fails to state a claim for relief as to each Count because Plaintiff does not allege that it has performed its duties under each of the agreements as it is required to do.

        10. Additionally, since the Complaint fails to state a claim for relief under the Coal Supply Agreement, Plaintiff's causes of actions under the Letter Agreement and the Performance Agreement also fail to state a claim upon which relief can be granted since the allegations made in Counts II and III of the Complaint are based on the deficient pleading as to the Coal Supply Agreement.

WHEREFORE, for the reasons and on the grounds set forth above, as more fully set forth in *Defendants' Opening Brief in Support of Motion to Dismiss Complaint*, Justice respectfully prays that the Complaint be dismissed.

                                            Respectfully submitted,

Dated: April 21, 2014                STEVENS & LEE, P.C.

                                            */s/ John D. Demmy*
                                            John D. Demmy (No. 2802)
                                            Joseph H. Huston, Jr. (No. 4035)
                                            STEVENS & LEE, P.C.
                                            1105 North Market Street, Suite 700
                                            Wilmington, DE 19801
                                            Telephone: (302) 425-3308
                                            Fax: (610) 371-8515
                                            E-mail: jdd@stevenslee.com

                                            -and-

| *Of Counsel:* | Allen Wayne Dudley |
|---|---|
| Jon Hogue | General Counsel of Litigation and Risk Management |
| Murray, Hogue & Lannis | James C. Justice Companies, Inc. and Affiliates |
| 707 Grant Street | 302 South Jefferson Street |
| 3400 Gulf Tower | Roanoke, VA 24011 |
| Pittsburgh, PA 15219 | Telephone: (540) 776-7890 |
| Telephone: (412) 263-5650 | Fax: (540) 301-5919 |
| Fax: (412) 263-5660 | Email: aj.dudley@justicecorporation.com |
| jhogue@hoguelannis.com | *Attorneys for Defendants* |

4