IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| XCOAL ENERGY & RESOURCES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) C.A. No. 14-459-LPS |
| v. | ) |
| | ) |
| SOUTHERN COAL SALES CORPORATION, A & G COAL CORPORATION, VIRGINIA FUEL CORPORATION, TAMS MANAGEMENT, INC., BLACK RIVER COAL, LLC, JUSTICE LOW SEAM MINING, INC., SOUTHERN COAL CORPORATION, and JAMES C. JUSTICE, II, | ) ) ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## ANSWER TO COUNTERCLAIM

Plaintiff, Xcoal Energy & Resources ("Plaintiff" or "Xcoal"), hereby replies to Defendants' Counterclaim, as follows:

First Defense

Xcoal replies to the enumerated paragraphs of the Counterclaim as set forth below:

1.-3. Paragraphs 1 - 3 of the Counterclaim relate to matters that are irrelevant and immaterial to the present action and which previously were litigated, released and dismissed with prejudice by Defendants. As such, these paragraphs violate the applicable general rules of pleading (Fed.R.Civ.P. 8(a)(2)) by failing to be a short and plain statement of the claim showing entitlement to relief and also the applicable prohibition (Fed.R.Civ.P. 12(f)) against pleading immaterial or other inappropriate matter. As such, such allegations should be stricken or disregarded and no further response by Xcoal is or should be required. To the extent a further

reply by Xcoal were deemed appropriate, and, if these allegations are determined to be relevant or admissible at trial, they are denied and strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal refers to the pleadings and assertions it made in the prior terminated with prejudice action docketed at Civil Action No. 7:12cv00265 (W.D.Va.) (the "Dismissed Action").

4. Denied. By way of further response and denial, Xcoal's response to paragraph 1 - 3 above is incorporated herein by reference. By way of further response and denial, Xcoal states that the Dismissed Action was filed by various of the Defendants and certain affiliates against it and was dismissed with prejudice pursuant to a signed Stipulation of Dismissal filed on August 29, 2013 and a Final Order of Court entered therein on the following day.

5. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 4 above and 6 - 12 below. To the extent a further reply by Xcoal were deemed appropriate, and, if these allegations are determined to be relevant or admissible at trial, they are denied and strict proof by Defendants at trial is demanded.

6. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 5 above and 7 - 12 below. To the extent a further reply by Xcoal were deemed appropriate, and, if these allegations are determined to be relevant or admissible at trial, they are denied and strict proof by Defendants at trial is demanded. Moreover, Defendants' allegations are directly contrary to its agreements and representations set forth in the documents to which they refer that such writings contain the entire agreement of the parties with regard to such matters and supersede any and all prior representations.

7. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 6 above and 8 - 12 below. To the extent a further reply by Xcoal

were deemed appropriate, and, if these allegations are determined to be relevant or admissible at trial, they are denied and strict proof by Defendants at trial is demanded. Moreover, Defendants' allegations are directly contrary to its agreements and representations set forth in the documents to which they refer that such writings contain the entire agreement of the parties with regard to such matters and supersede any and all prior representations. Further, Xcoal states that it entered the referenced Mutual Release, Coal Supply Agreement ("CSA"), and Letter Agreement and also received the referenced Performance Guaranty Agreement ("Guarantee"), all of which are written documents whose terms speak for themselves.

8. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 7 above and 9 - 12 below. To the extent a further reply by Xcoal were deemed appropriate, and, if these allegations are determined to be relevant or admissible at trial, they are denied and strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal states that that the referenced CSA and Letter Agreement are written documents whose terms speak for themselves.

9. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 8 above and 10 - 12 below. To the extent a further reply by Xcoal were deemed appropriate, and, if these allegations are determined to be relevant or admissible at trial, they are denied and strict proof by Defendants at trial is demanded. Any allegation of reliance by Defendant Southern Coal Sales Corporation ("SCS") which respect to any supposed representations or otherwise necessarily is a matter concerning which Xcoal, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth thereof and accordingly is denied and deemed denied also on that basis.

10.-12. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 9 above. To the extent a further reply by Xcoal were deemed appropriate, and, if these allegations are determined to be relevant or admissible at trial, they are denied and strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal states that that the referenced Letter Agreement is a written document whose terms speak for themselves.

13.-14. Denied. Strict proof by Defendants at trial is demanded. By way of further response and denial, the allegations constitute conclusions of law to which no response is required and which are deemed denied and Xcoal also incorporates by reference its responses to paragraphs 1 and 12 above and also its Second Defense – Twenty-Seventh Defense below.

15. Denied, except only that Xcoal states that Defendant SCS purports to assert against it a Counterclaim for breach of the CSA and which Xcoal denies and incorporates by reference the remainder of this Answer to Counterclaim in its entirety. Strict proof by Defendants at trial is demanded.

16. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 14 above of this Answer to Counterclaim.

17.-19. Denied and denied as stated. Strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal states that the CSA is a written document whose terms speak for themselves and that the allegations constitute conclusions of law to which no response is required and which are deemed denied.

20. Denied. Strict proof by Defendants at trial is demanded. By way of further response and denial, any allegation of costs incurred or of alleged inabilities by Defendant SCS necessarily is a matter concerning which Xcoal, after reasonable investigation, is without

knowledge or information sufficient to form a belief as to the truth thereof and accordingly is denied also on that basis.

21.-22. Denied and denied as stated. Strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal states that the CSA is a written document whose terms speak for themselves and the allegations constitute conclusions of law to which no response is required and which are deemed denied.

23. Denied. Strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal incorporates its responses to paragraphs 16 - 22 above and paragraphs 24 - 28 below and also its Second Defense – Twenty-Seventh Defense below.

24.-25. Denied and denied as stated. Strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal states that the CSA is a written document whose terms speak for themselves and the allegations constitute conclusions of law to which no response is required and which are deemed denied.

26. Denied and denied as stated. Strict proof by Defendants at trial is demanded.

27. Denied and denied as stated. Strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal incorporates its responses to paragraphs 16 - 26 above and paragraphs 27 - 48 below and also its Second Defense – Twenty-Seventh Defense below.

28. Denied and denied as stated as the allegations are vague and uncertain such that Xcoal, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth thereof and with such allegations being deemed denied. Strict proof by Defendants at trial demanded. By way of further response and denial, any statement or suggestion in the allegations that Xcoal failed to make a payment for coal that then was due, or that Xcoal is obligated under the circumstances to make to Defendants any additional payment of

money with respect to coal received, or that some or all of the Defendants do not owe additional amounts as damages or otherwise to Xcoal exceeding the price of any coal delivered during the referenced February - April 2014 time period is denied and strict proof by Defendants at trial is demanded. Moreover, Xcoal incorporates by reference its responses to paragraphs 16 - 27 above and 29 - 48 below and also its Second Defense – Twenty-Seventh Defense below.

29.-31. Denied and denied as stated, with the exception only that Xcoal states that it received the referenced March 29, 2014 letter, which is a written document whose terms speak for themselves. By way of further response and denial, the allegations of material failures of performance and of purported entitlement to adequate assurances or cure for any alleged deficiency are denied. Strict proof by Defendants at trial is demanded.

32. Denied. Strict proof by Defendants at trial is demanded. By way of further response and denial, to the extent Defendants are referring to a letter dated April 10, 2014, such letter is a writing whose terms speak for themselves and the allegations constitute conclusions of law to which no response is required and which are deemed denied.

33. Denied. Strict proof by Defendants at trial is demanded. By way of further response and denial, the allegations constitute conclusions of law to which no response is required and which are deemed denied.

34. Denied, except only that Xcoal states that Defendant SCS purports to assert against it a Counterclaim for declaratory judgment and which Xcoal denies and incorporates by reference the remainder of this Answer to Counterclaim in its entirety. Strict proof by Defendants at trial is demanded.

35. Denied. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 1 - 34 above of this Answer to Counterclaim.

36.-38.   Denied and denied as stated, except only that Xcoal states that it executed and/or entered into the referenced Mutual Release, CSA and Letter Agreement and received the referenced Guarantee, which are written documents whose terms (including as to the parties and signatories thereof) speak for themselves. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 4 - 5 above. Strict proof by Defendants at trial is demanded.

39.   Denied and denied as stated, except only that Xcoal states that it executed and/or entered into the referenced Mutual Release, CSA and Letter Agreement and received the referenced Guarantee, which are written documents whose terms speak for themselves. By way of further response and denial, Xcoal incorporates by reference its responses to paragraphs 6 - 12 above. Strict proof by Defendants at trial is demanded.

40.-42.   Denied. Strict proof by Defendants at trial is demanded. By way of further response and denial, the allegations constitute conclusions of law to which no response is required and which are deemed denied and Xcoal also incorporates by reference the remainder of this Answer to Counterclaim in its entirety.

43.-44.   Denied and denied as stated. Strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal states that the allegations constitute conclusions of law to which no response is required and which are deemed denied.

45-46.   Denied. Strict proof by Defendants at trial is demanded. By way of further response and denial, Xcoal states that the allegations constitute conclusions of law to which no response is required and which are deemed denied and also incorporates by reference the remainder of this Answer to Counterclaim in its entirety.

47.-48.　　Denied and denied as stated, except that Xcoal states that the parties presently dispute their respective rights, obligations and entitlements with respect to the CSA, Letter Agreement and Guarantee. By way of further response and denial, Xcoal states that these allegations constitute conclusions of law to which no response is required and which are deemed denied and Xcoal also incorporates by reference the remainder of this Answer to Counterclaim in its entirety. Strict proof by Defendants at trial is demanded.

### Second Defense

Defendants' Counterclaim, in whole or in part, fails to state a claim or cause of action upon which relief may be granted against Xcoal.

### Third Defense

To the extent Xcoal owed any duties or obligations to Defendants, Xcoal discharged those duties and obligations appropriately and/or any such duties or obligations were excused or waived by Defendants' conduct or wrongful or inequitable conduct.

### Fourth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of the terms of the CSA, Letter Agreement, Guarantee, and/or Mutual Release.

### Fifth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, because Defendant SCS failed to supply coal that met the specifications set forth in the CSA and thereby breached the CSA.

### Sixth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, because Defendant SCS failed to supply coal in the required amounts and/or in a timely manner under the CSA and thereby breached the CSA.

## Seventh Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, because of Defendants' failure to comply with and breach of the Letter Agreement and their obligations thereunder.

## Eight Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, because of Defendants' failure to comply with and their breach of the Guarantee and their obligations thereunder.

## Ninth Defense

Any damages and/or injuries allegedly sustained by Defendants are the result of their failure to perform in accordance with the terms of the CSA, Letter Agreement, and/or Guarantee or otherwise are not the proximate result of any wrongful action by Xcoal or for which Xcoal is legally responsible.

## Tenth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of the doctrine of waiver or laches.

## Eleventh Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of the doctrine of estoppel, including judicial estoppel.

## Twelfth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of payment and/or the doctrine of accord and satisfaction.

### Thirteenth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of the doctrine of release and discharge, including as a result of Defendants' Stipulation of Dismissal filed on August 28, 2013, the Final Order of Court entered on August 30, 2013 in the Dismissed Action, and/or the Mutual Release to which Defendants refer.

### Fourteenth Defense

Defendants' claims and damages (or amount thereof) and relief requested are barred, precluded and/or otherwise without merit, in whole or in part, because Defendants have failed to mitigate their alleged damages.

### Fifteenth Defense

Defendants' claims and damages (or amount thereof) and relief requested are barred, precluded and/or otherwise without merit, in whole or in part, to the extent Defendant SCS did not have the ability to timely supply Xcoal with the quantity and/or quality of coal required under the CSA.

### Sixteenth Defense

As a direct result of Defendant SCS's failure to timely deliver coal and/or failure to deliver coal which met the quantity requirements and/or quality specifications under the terms of the CSA and/or Defendant SCS's wrongful termination and repudiation, Xcoal is entitled, under the terms of the CSA, applicable common or statutory law, and/or otherwise, and with respect to all amounts otherwise owed by it under the CSA to a setoff, offset, deduction, recoupment and/or the like, for all charges incurred and damages suffered or to be suffered by it, including but not

limited to with respect to cover damages as well as its incurred losses in the form of demurrage or other charges imposed by vessel owners or others for delays or additional costs in connection with loading, departure, or otherwise caused by Defendant SCS's actions and/or inactions.

## Seventeenth Defense

Defendants' claims and damages (or amount thereof) and relief requested are barred, precluded and/or otherwise without merit, in whole or in part, to the extent that any of the individual Defendants are not parties to the particular contract or agreement upon which such claims or alleged damages or requested relief are based and/or otherwise lack standing or are not the real party in interest.

## Eighteenth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of their breach and other wrongful or inequitable conduct and/or unclean hands with respect to the CSA, Letter Agreement, and/or Guarantee and/or their failure to satisfy conditions precedent thereof, including but not limited to as referred to (or similar) in March - April 2014 written correspondence of Xcoal's counsel and/or in the Complaint.

## Nineteenth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of their breach and other wrongful or inequitable conduct and/or unclean hands with respect to the CSA, Letter Agreement, and/or Guarantee, including but not limited to as referred to (or similar) in Xcoal's Motion For a Temporary Restraining Order and Preliminary Injunction and supporting papers filed in this action.

### Twentieth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, and Defendants have excused or discharged all further duties, obligations, or the performance thereof by Xcoal by or by reason of Defendants' wrongful termination and repudiation of the CSA, Letter Agreement, and/or Guarantee.

### Twenty-First Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, and Defendants have excused or discharged all further duties, obligations, or the performance thereof by Xcoal by or by reason of the April 10, 2014 letter of Defendants' counsel and/or their subsequent conduct.

### Twenty-Second Defense

Defendants' claims are barred, precluded and/or otherwise without merit and/or Defendants' alleged damages are reduced or eliminated in amount, in whole or in part, by or by reason of the doctrines of setoff, offset, deduction, recoupment, or the like.

### Twenty-Third Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of Xcoal's rights, remedies, and defenses available under the circumstances both as provided in the CSA, Letter Agreement, and/or Guarantee and also as provided by common law or statutory law.

### Twenty-Fourth Defense

In the event or to the extent that Defendants seek or purport to seek damages, recovery or other relief (including declaratory relief) other than on the basis of an alleged breach by Xcoal of the express terms of the CSA, Defendants' claims are barred, precluded and/or otherwise without

merit, in whole or in part, by or by reason of the terms of the CSA, the statute of frauds, the doctrines of the gist of the action or economic loss rule, or similar.

## Twenty-Fifth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, and Defendants have excused or discharged all further performance thereof by Xcoal by or by reason of Defendants' conduct or wrongful or inequitable conduct which has prevented and/or frustrated Xcoal's performance.

## Twenty-Sixth Defense

Defendants' claims are barred, precluded and/or otherwise without merit, in whole or in part, by or by reason of other direct, proximate, intervening or superseding causes (known or unknown) by Defendants or others for whom Xcoal has no legal responsibility.

## Twenty-Seventh Defense

Xcoal reserves the right to assert additional affirmative defenses in the event new information becomes available through discovery or otherwise or the further significance as a defense of existing information becomes apparent to it.

Respectfully submitted,

By: /s/ *Geoffrey G. Grivner*
    Geoffrey G. Grivner (Del. Id. No. 4711)
    BUCHANAN INGERSOLL & ROONEY PC
    919 North Market Street, Suite 1500
    Wilmington, Delaware 19801-3046
    Telephone: (302) 522-4200
    Facsimile: (302) 522-4295
    Email: geoffrey.grivner@bipc.com

OF COUNSEL:

Kevin P. Lucas (admitted pro hac vice)
Bruce A. Americus (admitted pro hac vice)
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre, 20th Floor
301 Grant Street
Pittsburgh, PA 15219
Telephone: (412) 562-8800
Facsimile: (412) 562-1041
Email: kevin.lucas@bipc.com
Email: bruce.americus@bipc.com

*Counsel for Plaintiff, Xcoal Energy & Resources*

DATED: June 24, 2014