**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| XCOAL ENERGY & RESOURCES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 14-459-LPS |
| | ) | |
| SOUTHERN COAL SALES | ) | |
| CORPORATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| JAMES C. JUSTICE COMPANIES, INC., | ) | |
| ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 15-267-LPS |
| | ) | |
| XCOAL ENERGY & RESOURCES, | ) | |
| ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM ORDER

At Wilmington this **4th** day of **May, 2017,** having reviewed the proposed pretrial order

(C.A. No. 15-267[1] D.I. 184) ("PTO"), submitted by Xcoal Energy & Resources et al. ("Xcoal")

and Southern Coal Sales Corp. ("SCS") and James C. Justice Companies, Inc. et al. (with SCS,

the "Justice Parties"), including briefing on various motions *in limine* ("MIL"),

**IT IS HEREBY ORDERED** that:

---

[1]All references to the docket index ("D.I.") are to C.A. No. 15-267, unless otherwise
noted.

1.      Xcoal's MIL # 1, to preclude evidence of extracontractual representations

allegedly made during negotiations, is DENIED. Even though the parties' contracts are

integrated, the term "rail freight" is ambiguous, and it is not clear that the Justice Parties are

seeking to use extrinsic evidence to "vary" the terms of the written contract. The Court cannot

determine at this point that either side's proposed interpretation is so unreasonable as to require

preclusion of the evidence at issue. *See generally Hoyt v. Andreucci*, 433 F.3d 320, 322 (2d Cir.

2006) ("In determining the meaning of the language at issue, the jury may consider extrinsic

evidence such as the parties' course of conduct throughout the life of the contract"); *Dejana*

*Indus., Inc. v. Vill. of Manorhaven*, 2015 WL 1275474, at *10 (E.D.N.Y. Mar. 18, 2015) (stating

that court may receive "any available extrinsic evidence to ascertain the meaning intended by the

parties during the formation of the contract"); *Storwal Int'l, Inc. v. Thom. Rock Realty Co., L.P.*,

768 F. Supp. 429, 431 (S.D.N.Y. 1991) (stating that court may consider extrinsic evidence "to

aid in interpreting ambiguous terms of such [i.e., an integrated] contract").[2] Xcoal is free to

argue at trial, and in post-trial briefing, that the evidence at issue in this motion should be given

little or no weight.

2.      Xcoal's MIL #2, to preclude evidence of allegedly fraudulent representations

during the pendency and in the performance of the Coal Supply Agreement ("CSA"), is

DENIED. The Justice Parties intend to use this evidence to support their claim that Xcoal

---

[2]The Court does not agree with Xcoal that the Court's statements in denying a request for leave to file an amended complaint including a claim for fraudulent inducement (*see* D.I. 106 at 29-30) were so broad as to preclude admissibility of the disputed evidence in connection with the fraud claim that remains part of the case. The Justice Parties will be provided an opportunity at trial to attempt to prove that "SCS was justified in believing it was getting Xcoal's true rail rate and receiving accurate demurrage costs." (D.I. 185-9 at 73 of 88)

committed fraud because it never intended to pay, despite contrary representations in purchase orders. The "source of the duty" doctrine does not make this evidence inadmissible. Xcoal is free to argue at trial, and in post-trial briefing, that the evidence at issue in this motion should be given little or no weight.

3.      Xcoal's MIL #3, to preclude certain evidence of post-CSA termination damages, is DENIED. At this stage, Xcoal has not demonstrated that the parties to the CSA would have reopened their pricing arrangement to renegotiate a new price (or have one determined by a third party), making Xcoal's principal authority[3] not (yet, at least) applicable. Nor is the Court persuaded that the damages sought by the Justice Parties are so speculative that they cannot possibly be proven with reasonable certainty.

4.      The Justice Parties' MIL #1, to deem admissible all documents, communications, and testimony concerning Xcoal's rail freight, is GRANTED. This motion is essentially the mirror image of Xcoal's MIL #1, so the Court grants this motion for the same reasons it denied Xcoal's motion.

5.      The Justice Parties' MIL #2, to exclude Xcoal's expert's improper opinions on contract construction and ambiguity, is DENIED. It is unclear whether the Justice Parties are seeking to exclude the entirety of Mr. Pergolizzi's opinion; the Justice Parties have plainly failed to show that the entirety of his proposed testimony is improper. To the extent limited portions of the opinions Mr. Pergolizzi seeks to express improperly invade the Court's obligation to make legal determinations (as opposed to properly providing helpful evidence as to how certain terms

---

[3]*See Cibro Petroleum Prod., Inc. v. Sohio Alaska Petroleum Co.*, 602 F. Supp. 1520, 1544 (N.D.N.Y. 1985), *aff'd*, 798 F.2d 1421 (Temp. Emer. Ct. App. 1986).

are used in industry, for example), the Justice Parties may object to particular questions and testimony at trial and/or move to strike particular testimony in post-trial briefing.

The parties shall be prepared to discuss any remaining disputes in the PTO at tomorrow's pretrial conference, including their revised request for a specific number of hours for their trial presentations.

HONORABLE LEONARD P. STARK
UNITED STATES DISTRICT JUDGE